UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARC NEAL, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JEFFREY NEAL, DECEASED, | ) ) ) ) ) | CASE NO.: 5:24-CV-00413<br><br>JUDGE: JAMES S. GWIN |
| Plaintiff, | ) ) ) | **ANSWER OF DEFENDANT SUMMIT COUNTY SHERIFF KANDY FATHEREE TO** |
| vs. | ) ) | **PLAINTIFF'S COMPLAINT** |
| SUMMIT COUNTY SHERIFF KANDY FATHEREE, et al., | ) ) ) | **(Jury Demand Endorsed Hereon)** |
| Defendants. | ) ) | |

Now comes Defendant, Summit County Sheriff Kandy Fatheree, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A., and for her answer to Plaintiff's Complaint states as follows:

**First Defense**

1. This Defendant denies or denies for want of information the allegations contained in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, this Defendant admits that Jeffrey Neal was arrested and taken to Summit County Jail on March 4, 2023.  Further pleading, this Defendant denies or denies for want of information any further allegations contained in Paragraph 2 of the Complaint and further denies all liability.

3. This Defendant denies or denies for want of information the allegations contained in Paragraphs 3, 4, 5, 6, 7, 8, 9, and 10 of the Complaint.

4. In response to Paragraphs 11, 12, and 13 of the Complaint, this Defendant admits this Court has subject matter jurisdiction and venue is proper.  Further pleading, this Defendant

denies or denies for want of information any further allegations contained in Paragraphs 11, 12, and 13 of the Complaint and further denies all liability.

5. This Defendant denies or denies for want of information the allegations contained in Paragraphs 14 and 15 of the Complaint.

6. In response to Paragraph 16 of the Complaint, this Defendant admits that all relevant times Sheriff Fatheree was the Sheriff of Summit County, Ohio. Further pleading, this Defendant denies or denies for want of information any further allegations contained in Paragraphs 16 of the Complaint and further denies all liability.

7. This Defendant denies or denies for want of information the allegations contained in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the Complaint.

8. In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

9. In response to Paragraph 27 of the Complaint, this Defendant admits that Jeffrey Neal was arrested on March 4, 2023.  Further pleading, this Defendant denies or denies for want of information any further allegations contained in Paragraph 27 of the Complaint.

10. This Defendant denies or denies for want of information the allegations contained in Paragraph 28 of the Complaint.

11. In response to Paragraph 29 of the Complaint, this Defendant admits that Jeffrey Neal was booked into the Summit County Jail on March 4, 2023.  Further pleading, this Defendant denies or denies for want of information any further allegations contained in Paragraph 29 of the Complaint.

12. This Defendant denies or denies for want of information the allegations contained in Paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, and 40 of the Complaint.

13. In response to Paragraph 41 of the Complaint, this Defendant admits that Jeffrey Neal was removed from his cell on March 17, 2023. Further pleading, this Defendant denies or denies for want of information any further allegations contained in Paragraph 41 of the Complaint.

14. This Defendant denies or denies for want of information the allegations contained in Paragraphs 42, 43, 44, 45, and 46 of the Complaint.

15. In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

16. In response to Paragraph 48 of the Complaint, this Defendant states that Paragraph 48 attempts to state a legal conclusion to which there can be no admission or denial. Further pleading, this Defendant denies or denies for want of information any allegations contained in Paragraph 48 of the Complaint and further denies all liability.

17. This Defendant denies or denies for want of information the allegations contained in Paragraphs 49, 50, 51, 52, 53, 54, and 55 of the Complaint.

18. In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

19. This Defendant denies the allegations contained in Paragraphs 57, 58, 59, 60, and 61 of the Complaint.

20. In response to Paragraph 62 of the Complaint, this Defendant states that Paragraph 62 attempts to state a legal conclusion to which there can be no admission or denial. Further pleading, this Defendant denies any allegations contained in Paragraph 62 of the Complaint and further denies all liability.

21. This Defendant denies the allegations contained in Paragraphs 63 and 64 of the Complaint.

22. In response to the allegations contained in Paragraph 65 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

23. This Defendant denies or denies for want of information the allegations contained in Paragraphs 66, 67, 68, 69, and 70 of the Complaint.

24. In response to the allegations contained in Paragraph 71 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

25. This Defendant denies the allegations contained in Paragraphs 72, 73, 74, and 75 of the Complaint.

26. In response to the allegations contained in Paragraph 76 of Plaintiff's Complaint, this Defendant restates her admissions and denials as set forth hereinabove.

27. This Defendant denies or denies for want of information the allegations contained in Paragraphs 77 and 78 of the Complaint.

28. Any unnumbered Paragraphs of the Complaint or any allegations not expressly admitted herein are denied.

## Second Defense

29. Plaintiff's Complaint fails to state a claim upon which relief can be granted in some or all respects.

## Third Defense

30. Qualified good faith immunity.

## Fourth Defense

31. This Defendant is entitled to all immunities, damage limits, damage set offs, and other benefits accorded by R.C. 2744.01 *et seq.* and/or Ohio common law.

**Fifth Defense**

32. This Defendant is entitled to all rights and benefits provided by common law or statutory immunity, including absolute and qualified good faith immunity.

**Sixth Defense**

33. At all times, this Defendant acted in good faith and did not act in a deliberately indifferent manner.

**Seventh Defense**

34. Contributory negligence/implied assumption of risk.

**Eighth Defense**

35. Any injury and/or loss claimed by Plaintiff was directly and proximately caused by the acts or omissions of persons or entities other than this answering Defendant, including Plaintiff's decedent.

**Ninth Defense**

36. Any injury and/or loss claimed by Plaintiff was caused or aggravated by an intervening and superseding cause other than the acts or omissions of this answering Defendant.

**Tenth Defense**

37. Plaintiff's Complaint fails to join a necessary and/or indispensable party(ies).

**Eleventh Defense**

38. Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

**Twelfth Defense**

39. Privilege.

**Thirteenth Defense**

40. Plaintiff lacks standing or is not the real party in interest.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed, and that she go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John D. Pinzone*
JOHN D. PINZONE (0075279)
ZACHARY W. ANDERSON (0095921)
JILLIAN ECKART (0088770)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jpinzone@mrrlaw.com
            zanderson@mrrlaw.com
            jeckart@mrrlaw.com

*Counsel for Defendant Summit County Sheriff Kandy Fatheree*

## JURY DEMAND

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

                                          *s/John D. Pinzone*
                                          JOHN D. PINZONE (0075279)
                                          ZACHARY W. ANDERSON (0095921)
                                          JILLIAN ECKART (0088770)

                                          *Counsel for Defendant Summit County Sheriff Kandy Fatheree*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a copy of the foregoing *Answer of Defendant Summit County Sheriff Kandy Fatheree to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          *s/John D. Pinzone*
                                          JOHN D. PINZONE (0075279)
                                          ZACHARY W. ANDERSON (0095921)
                                          JILLIAN ECKART (0088770)

                                          *Counsel for Defendant Summit County Sheriff Kandy Fatheree*